UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TAVON GODFREY,

　　　　　　　　　Defendant.

17-Cr-511 (SHS)

21-Cv-4071 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

I.    Background ............................................................................................................ 2
      A.   Charges and Plea ......................................................................................... 2
      B.   Post-Conviction Motions ............................................................................ 3
II.   Required Fact Finding on 2014 Shooting ...................................................... 3
      A.   Elements of Assault .................................................................................... 3
      B.   Godfrey's Allocutions ................................................................................ 5
III.  Motion for Relief Under 28 U.S.C. § 2255 ................................................... 6
      A.   Procedural Bar ............................................................................................ 6
           1.    Actual Innocence to the Sole Count of the Superseding Information ........................ 7
           2.    Actual Innocence to Charges Dropped Pursuant to the Plea Agreement ................... 10
      B.   Merits ......................................................................................................... 11
           1.    Standard ............................................................................................. 12
           2.    Analysis ............................................................................................. 13
IV.   Conclusion .......................................................................................................... 16

Tavon Godfrey has moved under 28 U.S.C. § 2255 to vacate his conviction for
violating 18 U.S.C. § 924(c), which prohibits the use or possession of a firearm during a
crime of violence or drug trafficking offense. He relies on the U.S. Supreme Court's decision
in *United States v. Davis*, 139 S. Ct. 2319 (2019), that invalided the residual clause of Section
924(c) and separately asserts that the sole predicate offense underlying the conviction—
assault with a deadly weapon in aid of racketeering activity in violation of 18 U.S.C. §
1959(a)(3)—cannot form the basis of his conviction under Section 924(c) because the 2014
shooting he allocuted to cannot meet the elements of assault under New York law. The
government opposes Godfrey's motion, urging that his claims are procedurally defaulted
and that Godfrey's claims would, in any event, fail on the merits. The Court finds that
Godfrey has overcome the barrier of procedural default because he is actually innocent; he
has also carried his burden on the merits of his Section 2255 claim. Accordingly, the Court
grants Godfrey's motion and vacates his conviction.

## I. Background

### A. Charges and Plea

In January 2018, Godfrey was indicted on charges of racketeering conspiracy and a firearms offense. (ECF No. 119.) Count One charged Godfrey and eleven others with racketeering conspiracy in violation of 18 U.S.C. 1962(d). Under Count One, Godfrey allegedly engaged in the following six acts:

[1] "On or about July 8, 2011 . . . TAVON GODFREY . . . shot and injured an individual in a rival gang." (ECF No. 119, at 6.)

[2] "In or about 2012, . . . GODFREY fired multiple shots at Victim-4." (*id.* at 7.)

[3] "In or about 2012, . . . DAMAR MORALES, GODFREY, CC-1, CURTIS CLARK, GOODWIN, and CASTILLO, the defendants, shot and aided and abetted the shooting of rival gang members." (*id.* at 7.)

[4] "In or about 2014, in the vicinity of 308 East 145th Street, Bronx, New York, GODFREY fired shots at rival gang members while riding on a bicycle operated by MORALES." (*id.* at 8.)

[5] "In or about late 2014, in the vicinity of the Mitchel Houses in the Bronx, New York, CC-1, GODFREY, and SABLE shot and aided and abetted the shooting of a rival gang member." (*id.* at 8.)

[6] "In or about June 2015, . . . GODFREY engaged in a shootout with rival gang members." (*id.* at 9.)

Count Three charged Godfrey and ten others with a firearms offense covering the period of 2010 through August 2017 in violation of 18 U.S.C. §§ 924(c)(1)(A). (ECF No. 119, 11-12.) The count included two predicate offenses: (i) a "crime of violence" of the "racketeering conspiracy charged in Count One of this Indictment"; and (ii) "a conspiracy to distribute and possess with intent to distribute marijuana and cocaine based in a form known as 'crack,'" in violation of 21 U.S.C. §§ 841, 846. (ECF No. 119, at 11.)

On April 24, 2018, in connection with a plea agreement, the government filed a Superseding Information that charged Godfrey with a single count: violating 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2 as follows:

In or about 2014, in the Southern District of New York, TAVON GODFREY, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely an assault with a deadly weapon committed for the purpose of maintaining and increasing his position in Square Gang, an enterprise engaged in racketeering activity, which assault with a deadly weapon was in violation of Title 18, United States Code, Section 1959(a) (3), knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(ECF No. 175.)

That same day, U.S. Magistrate Judge Stewart Aaron presided over Godfrey's plea allocution and recommended that this Court accept the plea of guilty. (Apr. 24, 2018 Hr'g Tr., ECF No. 205.) However, on May 17, 2018, before the Court had accepted Godfrey's plea, his attorney wrote that Godfrey "wishe[d] to withdraw his guilty plea." ECF No. 197; Fed. R. Crim. P. 11(d)(1). That letter was followed by another from Ms. Walsh five days later, which stated that her earlier letter was "premature, albeit in good faith" and that "Mr. Godfrey does not wish to withdraw his April 24, 2018 plea but wishes to proceed with sentencing should this Court accept the plea and recommendation" of the magistrate judge. (ECF No. 208.)

Two days later—on May 24—the Court held a proceeding in which it questioned Godfrey under oath as to (i) whether he genuinely wanted to enter, and have the Court accept, his guilty plea and (ii) the specifics of what he had done that made him guilty of Count One of the Superseding Information. (May 24, 2018 Hr'g Tr., ECF No. 244.) At the conclusion of that proceeding, the Court accepted Godfrey's guilty plea. (May 24, 2018 Hr'g Tr.; ECF No. 211.)

In October 2018, this Court sentenced him to 120 months imprisonment—the mandatory minimum—to be followed by 48 months of supervised release for "Possessing, Brandishing and Discharging a Firearm in Furtherance of a Crime of Violence" under 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 1959(a)(3). (ECF No. 312.)

### B. Post-Conviction Motions

In September 2019, Godfrey moved in the U.S. Court of Appeals for the Second Circuit for leave to file a successive 28 U.S.C. § 2255 motion to vacate his conviction under 18 U.S.C. § 924(c) on grounds of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), even though he had never previously filed a Section 2255 petition. (ECF No. 382-1.) The Second Circuit denied this motion as "unnecessary," since Godfrey had not filed a previous Section 2255 motion and transferred the matter to this Court, noting that "it is not clear from the transcripts of Petitioner's guilty plea hearings that Petitioner admitted to committing a consummated assault. The district court, in the first instance, should do any necessary factfinding." *See* Mandate of U.S.C.A, ECF No. 382 (citing Apr. 24, 2018 Hr'g Tr.; May 24, 2018 Hr'g Tr. ) (internal citations omitted).

Assisted by counsel, Godfrey has now moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (ECF No. 395.)

## II. Required Fact Finding on 2014 Shooting

As delineated by the Second Circuit, the initial inquiry for this Court is whether Godfrey "admitted to committing a consummated assault." Mandate of U.S.C.A, at 2.

### A. Elements of Assault

The sole predicate for the 18 U.S.C. § 924(c) conviction was assault under 18 U.S.C. § 1959(a)(3) and "[a]s the Second Circuit has noted, a violation of Section 1959(a) requires

proof that the 'predicate acts constitute state law crimes.'" *DeJesus v. United States*, No. 11 CR 974-03 (CM), 2019 WL 6711478, at *3 (S.D.N.Y. Dec. 10, 2019) (quoting *United States v. Carillo*, 229 F.3d 177, 185 (2d Cir. 2000)). Therefore, in Godfrey's case, a crime of "assault" under 18 U.S.C. § 1959(a)(3) requires evidence that defendant committed an assault as defined by New York law.

New York recognizes three degrees of assault, each with distinct subdivisions that contain a unique combination of elements. *See* N.Y. Penal L. §§ 120.10, 120.05, 120.00. In Godfrey's case, the charging instruments do not identify which type of assault Godfrey allegedly committed. *Cf. United States v. White*, Docket No. 1:17-cr-00611, ECF No. 169 (charging defendant with a 18 U.S.C. § 1959(a) violation, in part, due to an alleged second degree assault under N.Y. Penal L. § 120.05). Moreover, at Godfrey's plea allocution before Magistrate Judge Aaron, the government did not reference either (i) one or more New York assault statutes or (ii) the required elements to prove assault under any of New York's three assault statutes. (Apr. 24, 2018 Hr'g Tr. 10.) Rather, the government outlined three elements to prove the crime charged:

> First, that the defendant committed a crime of violence that could be prosecuted in federal court. Here, an assault with a deadly weapon in aid of racketeering.
> Second, that the defendant knowingly used or carried a firearm during and in relation to either the crime of violence or that he possessed a firearm in furtherance of the crime of violence.
> And third, that the firearm was discharged.

(*Id.*)

Although New York's assault statutes and their subdivisions diverge in important respects, each statute requires injury (or some other bodily harm) to a victim, as follows:

> A person is guilty of assault in the first degree when:
> 1. With intent to cause serious physical injury to another person, he causes such *injury* to such person or to a third person by means of a deadly weapon or a dangerous instrument; or
> 2. With intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such *injury* to such person or to a third person; or
> 3. Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious *physical injury* to another person; or
> 4. In the course of and in furtherance of the commission or attempted commission of a felony or of immediate flight therefrom, he, or another participant if there be any, causes serious *physical injury* to a person other than one of the participants.

N.Y. Penal L. § 120.10 (emphases added).

>A person is guilty of assault in the second degree when:
>>1. With intent to cause serious physical injury to another person, he causes such *injury* to such person or to a third person; or
>>2. With intent to cause physical injury to another person, he causes such *injury* to such person or to a third person by means of a deadly weapon or a dangerous instrument; or
>>. . .

N.Y. Penal L. § 120.05 (emphases added).

>A person is guilty of assault in the third degree when:
>>1. With intent to cause physical injury to another person, he causes such *injury* to such person or to a third person; or
>>2. He recklessly causes *physical injury* to another person; or
>>3. With criminal negligence, he causes *physical injury* to another person by means of a deadly weapon or a dangerous instrument.

N.Y. Penal L. § 120.00 (emphases added).

### B. Godfrey's Allocutions

At the plea hearing before Magistrate Judge Aaron, Godfrey allocuted to a 2014 shooting, but never allocuted to there being any injury tied to that shooting. (Apr. 24, 2018 Hr'g Tr. 16.) Godfrey testified under oath as follows:

>In about 2014, I knowingly possessed a gun which I discharged in furtherance of an assault that I committed in order to maintain my position in a group of people known as the Square Gang, which was alleged[ly] engaged in illegal[] racketeering activities in the Bronx.

(Apr. 24, 2018 Hr'g Tr. 16.)

At Godfrey's second plea allocution, held by this Court in order to clarify whether he indeed wanted to plead guilty, he similarly allocuted to a 2014 shooting, but never allocuted to any injury in connection with it. (May 24, 2018 Hr'g Tr.) Godfrey stated that "[i]n or about 2014, I possessed a gun that I discharged [i]n a section of the Bronx." (*Id.* at 7.) This Court asked Godfrey, "Is it true, Mr. Godfrey? Did you, when you discharged the firearm, which is the lawyer's way of saying you fired it, was it at the rival gang members?" Godfrey responded "Yes" and when the Court asked "[W]hat was the rival gang?" Godfrey replied: "18 Park." (*Id.* at 8-9.) Godfrey further explained that he shot at the 18 Park members "[c]ause one of my friends died, had passed away." (*Id.* at 10.) At no time did Godfrey either directly or indirectly allocute to injuring anyone in connection with that 2014 shooting.

Having reviewed the transcripts of both the allocution before Magistrate Judge Aaron and the one before this Court (Apr. 24, 2018 Hr'g Tr.; May 24, 2018 Hr'g Tr.), it is

clear that Godfrey never allocuted in either proceeding to causing injury to anyone during the 2014 shooting.

Moreover, even looking beyond Godfrey's allocution, the Court cannot find a factual basis for the necessary injury tied to the 2014 shooting. *See United States v. Garcia*, 587 F.3d 509, 514 (2d Cir. 2009) ("In making that determination [to enter a judgement on a guilty plea], the court is not limited to an examination of the defendant's plea allocution, but may look more broadly to "any facts on the record at the time of the plea proceeding.") (citing *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006)). A review of the plea agreement offers no factual support for the notion that an injury occurred to support the necessary elements of assault under New York law. Although Godfrey stipulated to an injury tied to a *2011* shooting in the plea agreement, this 2011 shooting cannot serve as a predicate to support his conviction on Count One of the Superseding Information. The indictment in this case was originally handed up on August 17, 2017 (ECF No. 2), and the relevant statute of limitations, 18 U.S.C. § 3282, prescribes a five-year limitations period for such non-capital offenses.

In light of the foregoing, Godfrey never allocuted to committing a 2014 assault with a dangerous weapon. The government even concedes as much insofar as it wrote that "Godfrey is correct that he did not allocute to injuring someone during the shooting he committed, as required by New York Penal Law §120.10." (Gov't Opp'n, ECF No. 397, at 12.)

## III. Motion for Relief Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move "to vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, a Section 2255 motion requires a hearing, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b); *see also Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In order to obtain a hearing, the movant "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). By contrast, when a movant's allegations are "vague, conclusory, or palpably incredible," no hearing is required. *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

Alternatively, courts may grant Section 2255 relief on the pleadings. *See, e.g., United States v. Capriata,* No. 12-CR-712 (SHS), 2021 WL 1180049 (S.D.N.Y. Mar. 29, 2021); *United States v. Scott,* No. 06 CR 988-LTS, 2017 WL 2414796, at *1 (S.D.N.Y. June 2, 2017), *aff'd,* 954 F.3d 74 (2d Cir. 2020), *opinion vacated on reh'g en banc,* 990 F.3d 94 (2d Cir. 2021), and *rev'd and remanded,* 990 F.3d 94 (2d Cir. 2021) (vacated on non-procedural grounds).

### A. Procedural Bar

For the Court to reach the merits of his Section 2255 claim, Godfrey must overcome any procedural default. Here, the government argues that Godfrey's claim is procedurally defaulted because Godfrey never filed an appeal from his conviction. According to the

Second Circuit, "the procedural default bar may be overcome only where the petitioner establishes either (1) 'cause' for the failure to bring a direct appeal and 'actual prejudice' from the alleged violations; or (2) 'actual innocence.'" *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.").

Although Godfrey's *United States v. Davis*-based arguments for cause and prejudice are unpersuasive, this Court finds that Godfrey has overcome any procedural default by showing actual innocence. Here, "'actual innocence' refers to factual, not legal, innocence." *Nunez v. United States*, 954 F.3d 465, 475 (2d Cir. 2020) (citing *Bousley*, 523 U.S. at 623), *cert. denied*, 141 S. Ct. 941 (2020). "'In the context of a noncapital case, the concept of actual innocence is easy to grasp,' because it normally means simply that the defendant did not commit the crime." *Poindexter v. Nash*, 333 F.3d 372, 381 (2d Cir. 2003) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 341 (1992)). *See also Jackson v. Virginia*, 443 U.S. 307, 323–24 (1979) ("The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence. . . . Under our system of criminal justice even a thief is entitled to complain that he has been unconstitutionally convicted and imprisoned as a burglar.").

### 1. *Actual Innocence to the Sole Count of the Superseding Information*

Godfrey asserts that he is innocent of the crime of which he was convicted. He argues that because there is no evidence or admission that an individual sustained any physical injury related to the 2014 shooting, "it is impossible that Mr. Godfrey committed assault in violation of New York state law." (ECF No. 396, at 7.) *Cf. Gill v. United States*, No. 13-CR-777-3 (AJN), 2021 WL 4555173, at *2 (S.D.N.Y. Oct. 5, 2021). Notably, Godfrey's argument is not that evidence of any 2014 injury is legally insufficient to support his conviction. Rather, Godfrey contends that there can be no evidence of a 2014 injury because no such injury occurred. *See Bousley*, 523 U.S. at (noting that "'actual innocence' means factual innocence, not mere legal insufficiency").

Specifically, Godfrey contends that there has never been and cannot be any legally sufficient proof to substantiate a finding that the predicate crime occurred. *United States v. Dussard*, 967 F.3d 149, 157 (2d Cir. 2020) ("§ 924(c)(1)(A)(i) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed.") (quoting *Johnson v. United States*, 779 F.3d 125, 129-30 (2d Cir. 2015)), *cert. denied*, 141 S. Ct. 2633 (2021).

### a. *The "Crime" to Which Godfrey Must Show He Is Innocent Includes the Predicate Crime*

As a threshold inquiry, however, the Court must identify the nature of "the crime" to which Godfrey must show he is innocent. Must the defendant show actual innocence to the statutory violation: a violation of 18 U.S.C. § 924(c)(1)(A)(iii); or the statutory violation

and specific predicate: a violation of 18 U.S.C. § 924(c)(1)(A)(iii) tied to the specific "crime of violence" of a 2014 assault under 18 U.S.C. § 1959(a)(3)? Based on the below analysis, the Court concludes that the "crime" of his conviction is not merely the statutory violation but must include the sole predicate of the 2014 shooting as presented in Superseding Information Count One. (ECF No. 175.)

The law of this Circuit clarifies that "the crime" of which one is convicted must necessarily encompass the specific predicate charged by the government. The crime cannot be merely the violation of the statute cited in the government's charging instrument; it must include the predicate act or acts. If a predicate were immaterial to the validity of a conviction, the Second Circuit in *Dussard* would have had no reason to entertain a plain-error analysis of a count resting on one invalid predicate. *United States v. Dussard,* 967 F.3d 149, 157 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 2633 (2021) ("[I]f Dussard and the government had anticipated the *Davis* decision making the predication of Count Three on the Hobbs Act conspiracy invalid, they could have avoided the *invalidity* in Dussard's Count Three plea of guilty just by changing the two lines of the Agreement's Count.") (emphasis added).

### b. *The Government's* Johnson v. United States *Argument is Unpersuasive*

The government may contend that a valid alternate predicate can save an otherwise invalid conviction by showing that "the errors did not affect [a defendant's] substantial rights," *Dussard,* 967 F.3d at 151. However, the government cannot defeat a defendant's actual innocence claim for overcoming a procedural default by seeking to re-write the specific charging instrument to which the defendant pleaded guilty.

To undermine Godfrey's claim of actual innocence, the government overreads the Circuit court opinion in *Johnson v. United States,* 779 F.3d 125 (2d Cir. 2015). *Johnson* stands merely for the proposition that the predicate crime does not need to have been separately *charged* and prosecuted: "We hold that a conviction under 18 U.S.C. § 924(c) requires legally sufficient proof that the predicate crime of violence (or drug trafficking) was committed, but does not require a conviction for that predicate crime." 779 F.3d at 126. In other words, the government still needed to have set forth the predicate in the charging document.

*Johnson* says nothing about the government substituting out an invalid predicate for an alternative predicate that the defendant first learns of while serving a prison term that rests on the invalid predicate. The *Johnson* jury returned guilty verdicts on Count One of bank robbery, Count Two of armed bank robbery, and Count Three of a firearms offense, in which Count One served as the sole predicate. *Id.* at 126. On appeal, the Second Circuit vacated Count One on grounds it should have merged with Count Two as a lesser included offense. *Id.* at 127. In Johnson's subsequent Section 2255 motion, he claimed that Count Three must be vacated as it rested on the sole predicate of Count One that had previously been vacated on direct appeal. In considering Johnson's Section 2255 claim, a Second Circuit panel emphatically rejected this argument because Count One vacatur did not disturb the legal sufficiency of the predicate contained in Count Three: "[T]here was legally sufficient proof that Johnson committed bank robbery: the jury returned a guilty verdict on Count

8

One. The vacatur of the Count One conviction on grounds unrelated to sufficiency did not undermine the conviction on Count Three." *Id.* at 130.

Here, the government attempts to disprove actual innocence by suggesting that "Godfrey's plea is still valid because he allocuted to a crime of violence: attempted assault with a deadly weapon, in violation of 18 U.S.C. § 1959(a)(3)." (Gov't Opp'n 14.) Fatal to the government's argument, however, is that "attempted assault" can be found nowhere in the Superseding Information, plea agreement, or plea allocutions. (ECF Nos. 175, 397-1; Apr. 24, 2018 Hr'g Tr.; May 24, 2018 Hr'g Tr..)

### c. *Godfrey is Actually Innocent of Count One*

Superseding Information Count One's sole predicate is a 2014 crime of assault under 18 U.S.C. § 1959(a)(3); the government recognizes that an assault under Section 1959(a)(3) must meet the elements of assault under New York law and that New York's assault law requires injury to a victim. (Gov't Opp'n 14–15.) Although the government concedes that "Godfrey is correct that he did not allocute to injuring someone during the shooting he committed" in 2014, (Gov't Opp'n 14), it nonetheless does not accept as fact the absence of injury in the 2014 shooting. However, the government previously stipulated to the fact of the 2014 shooting without reference to an injury that serves as the Section 1959(a) predicate; by contrast, the stipulation regarding the 2011 shooting in the plea agreement includes reference to an injury. (ECF No. 397-1, at 2.) Moreover, the government's sentencing memorandum stated that although Godfrey shot and seriously injured a rival gang member in the 2011 shooting, it conceded that Godfrey did not injure anyone in the 2014 shooting: "Godfrey did not kill or injure other individuals, but he well knew at the time of each shooting that such dangerous conduct can cause catastrophic damage." (ECF No. 308, at 5.)

Because *both* the government and defendant have represented to the court that no physical injury occurred in connection with the 2014 shooting, and because the Court is aware of no evidence or heard any argument that the 2014 shooting led to any physical injury, the Court concludes that Godfrey is actually innocent of the sole predicate upon which the 18 U.S.C. 924(c) conviction rests.

As previously set forth, Godfrey's 18 U.S.C. § 924(c) conviction requires at least one valid predicate offense. But here, there was only one predicate to the crime Godfrey pleaded guilty to. *Cf. United States v. White*, No. 16-CR-82 (VEC), 2020 WL 5898680, at *3 (S.D.N.Y. Oct. 5, 2020) (observing that a "conviction under § 924(c) with multiple predicates may survive even if one predicate is invalid"). Therefore, because there is only one predicate—of which Godfrey is actually innocent—Godfrey is actually innocent of the crime to which he pleaded guilty.

The government contends that the "record from the proceedings and the plea agreement alone foreclose any argument that Godfrey is factually innocent." (Gov't Opp'n 12.) But the government's assertion fails to acknowledge that a defendant's actual innocence to a specific crime can co-exist with that defendant's other conduct that is both morally reprehensible and violative of some other crime that has not been charged, such as

Godfrey's involvement in the 2011 shooting in which someone was seriously injured. (ECF No. 397-1, at 2.) Accordingly, the government's statement does not address the complete absence of legally sufficient proof for the predicate 2014 assault.

In sum, because the sole predicate crime of 18 U.S.C. § 1959(a)(3) assault requires an injury under New York law and because all parties agree that the one shooting in 2014 to which Godfrey pleaded guilty involved no injury, Godfrey is innocent of the 2014 predicate crime of 18 U.S.C. § 1959(a)(3) assault. Because Godfrey is innocent of the sole predicate crime, he is also innocent of the specific Section 924(c) offense to which he was charged and pleaded guilty.

### 2. *Actual Innocence to Charges Dropped Pursuant to the Plea Agreement*

The Court's inquiry on Godfrey's actual innocence in order to overcome a procedural default, however, is not complete. The government notes that it dismissed other charges as part of the plea-bargaining process and contends that "Godfrey's showing of 'actual innocence' would need to extend to those charges." Gov't Opp'n 14 (citing *Bousley v. United States*, 523 U.S. 614, 624 (1998)).

However, *Bousley*'s holding is considerably more restricted. It holds simply that "[i]n cases where the Government has forgone *more serious charges* in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." 523 U.S. 614, 624 (1998) (emphasis added). Two brief Second Circuit summary orders issued on the same day by the same panel— *Kinley v. Artus*, 571 F. App'x 30, 31 (2d Cir. 2014) (summary order) and *Lyons v. LaClaire*, 571 F. App'x 34, 35 (2d Cir. 2014) (summary order)— broadened the holding in *Bousley* by citing that case for the proposition that actual innocence must extend not only to charges that are "more serious" than the charges "forgone in the course of plea bargaining," 523 U.S. at 624, but also to "charges that are *equally* or more serious." However, this Court declines to adopt that fulsome reading of *Bousley* for three independent reasons. First, the orders in both *Kinley* and *Lyons* were summary orders and "[r]ulings by summary order do not have precedential effect." 2d Cir. Local R. 32.1.1(a). Second, both orders cite to the above referenced portion of *Bousley* and neither summary order involves a factual situation in which the charges that were withdrawn pursuant to a plea agreement were "equally . . . serious." As a result, these statements in the summary orders are not only non precedential, but the phrase "equally or more serious" is non-binding dicta. Third, this Court's research has unearthed no later case—whether summary order or published opinion—that restated the proposition set forth in those two summary orders.

Therefore, this Court concludes that Godfrey need not show actual innocence of any equally serious or less serious charges that the government agreed to not further prosecute pursuant to the plea agreement but need show only that he is actually innocent of any more serious charges dropped pursuant to the plea agreement. Because the two charges dismissed at sentencing pursuant to the plea agreement were either less serious or equally

serious to the charge of conviction, Godfrey has no burden of showing he is innocent of either charge.

First, Count One for racketeering conspiracy that was dismissed at sentencing pursuant to the plea agreement does not constitute a more serious charge than the sole firearms count of the Superseding Information to which Godfrey pleaded guilty. Under the racketeering charge pursuant to 18 U.S.C. § 1962(d), the maximum term of imprisonment is 20 years; there is no mandatory minimum term of imprisonment; and the offense is a Class C felony. 18 U.S.C. §§ 1963, 3559. By contrast, the firearms charge pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) to which Godfrey pleaded guilty has a maximum term of imprisonment of life, a mandatory minimum term of imprisonment of ten years, and the offense is a Class A felony. 18 U.S.C. § 3559. Accordingly, the dropped charge was less serious than the count to which Godfrey pleaded because the dismissed charge was a lesser felony with a lower maximum prison sentence. As a consequence, Godfrey has no burden to prove his innocence to the charge in Superseding Indictment Count One. *See Bousley*, 523 U.S. at 624.

Second, Superseding Indictment Count Three charged Godfrey with the identical firearms statutory violation as charged in Superseding Information Count One: 18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii) and 2. Only the charging language differs with respect to the specific predicate for the Section 924(c) charge. Superseding Indictment Count Three rests on a racketeering and drug conspiracy predicate under 18 U.S.C. §§841, 846, while Superseding Information Count One rests on assault with a deadly weapon under 18 U.S.C. § 1959(a)(3). Because the Superseding Indictment Count Three, dismissed pursuant to the plea bargain, is an equally serious charge as the crime to which Godfrey pleaded guilty, Godfrey has no burden of showing his innocence to the charge in Superseding Indictment Count Three. *See Bousley*, 523 U.S. at 624.

Having found that Godfrey is actually innocent to the sole count to which he pleaded guilty and that Godfrey need not prove his actual innocence of Counts One or Three of the Superseding Indictment, the Court concludes that Godfrey overcomes any procedural default.

### B. Merits

Because Godfrey has overcome the procedural bar, the Court now considers the merits of Godfrey's motion to vacate his conviction under 28 U.S.C. § 2255.

As set forth *supra*, Godfrey is innocent of the crime to which he pleaded guilty. Neither Godfrey's plea allocutions nor his plea agreement offer any factual basis for the Court to find that an injury resulted from the 2014 shooting. No charging instrument references any 2014 injury and the government previously represented to the Court that nobody was injured in the 2014 shooting. *See* ECF No. 308, at 5 ("Godfrey did not kill or injure other individuals, but he well knew at the time of each shooting that such dangerous conduct can cause catastrophic damage.").

Under controlling law, however, this Court's finding that Godfrey is actually innocent of the sole crime to which he pleaded guilty does not by itself lead to automatic vacatur of the conviction.

### 1. Standard

Godfrey is entitled to relief if he has carried his burden to show that the error adversely impacted his substantial rights. *United States v. Vonn*, 535 U.S. 55, 59 (2002) ("We hold that a silent defendant has the burden to satisfy the plain-error rule and that a reviewing court may consult the whole record when considering the effect of any error on substantial rights."). In considering whether the error impacted Godfrey's substantial rights, "the record as a whole becomes relevant." *Dussard*, 967 F.3d at 156 (quoting *United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009)).

#### a. Godfrey's Burden Is to Show A Reasonable Probability He Would Not Have Pleaded Guilty

As the Second Circuit explains, when "the outcome was a conviction based on a plea of guilty, the appellant must show that there is a reasonable probability that, but for the error, he would not have pleaded guilty." *Dussard*, 967 F.3d at 156 (citing *Vonn*, 535 U.S. at 76). The Supreme Court wrote in *Strickland v. Washington* that a "reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. 668, 694 (1984). Although the defendant need affirmatively demonstrate that he would not have pleaded guilty absent the error, the "standard of proof is less than the preponderance of the evidence standard." *Norville v. United States*, 151 F. Supp. 3d 329, 336 (S.D.N.Y. 2015); *see also Soto–Beltran v. United States*, 946 F.Supp.2d 312, 317 (S.D.N.Y.2013) (same). "[S]ome objective evidence other than defendant's assertions [is required] to establish prejudice." *Pham v. United States*, 317 F.3d 178, 182 (2d Cir. 2003) ("[A] significant sentencing disparity in combination with defendant's statement of his intention is sufficient to support a prejudice finding.").

In sum, Godfrey is entitled to vacatur of his conviction if (i) there is objective evidence that he would not have pleaded guilty and (ii) the Court has reservations as to whether Godfrey would have pleaded guilty absent the error.

#### b. United States v. Dussard

In *United States v. Dussard*, the Second Circuit using a plain-error analysis sustained a conviction by finding that Dussard would have pleaded guilty to the 18 U.S.C. § 924(c)(1)(A)(i) count if predicated on a charged (but dismissed) narcotics conspiracy rather than a Hobbs Act robbery conspiracy that can no longer serve as a valid predicate. 967 F.3d 149 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 2633 (2021).

Initially, the government charged Dussard with: Count One for a Hobbs Act robbery in violation of 18 U.S.C. § 1951; Count Two for a narcotics conspiracy in violation of 21 U.S.C. § 846; and Count Three for the use and carrying of a firearm (i) "during and in relation to a crime of violence . . . namely, the robbery conspiracy charged in Count One"

12

and (ii) "during and in relation to a drug trafficking crime . . . namely, the narcotics conspiracy charged in Count Two" in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2. *Dussard*, 967 F.3d at 152. Pursuant to the plea agreement Count Two was dropped and Dussard pleaded guilty to the following revised counts: Count One: "conspiracy to commit Hobbs Act robbery" in violation of 18 U.S.C. § 1951 and Count Three: use and carrying of a firearm "during and in relation to a crime of violence, to wit, the Hobbs Act robbery charged in Count One" in violation of 18 U.S.C. § 924(c)(1)(A)(i).

On appeal, Dussard argued that the Count One conspiracy to commit a Hobbs Act robbery had become an invalid predicate "crime of violence" for the Count Three conviction; the Second Circuit agreed. *Dussard*, 967 F.3d at 156. Yet that court denied relief, finding that the error did not affect Dussard's substantive rights. After reviewing "the record as a whole," the Court determined that:

> While Dussard argues that he did not plead guilty to Count Three on the basis of its allegation that the firearm possession was related to a drug trafficking crime, nothing about his plea or the plea hearing itself provides any basis for an argument that he was willing to plead guilty to Count Three only if it was tied to the charge of Hobbs Act conspiracy and that he would not have pleaded guilty to Count Three if the Plea Agreement had referred instead to the drug trafficking predicate.

*Id.* at 158; *id.* at 157 ("The Plea Agreement . . . could have achieved the same result *validly* by making simple reference to the Count Two narcotics conspiracy as a predicate drug trafficking crime in lieu of the reference to the Count One Hobbs Act robbery conspiracy as a predicate crime of violence."). *Dussard* cited several circumstances to justify its finding that an alternate predicate would have still led the defendant to plead guilty, including: (i) Count Three initially alleged the narcotics conspiracy as a predicate offense; (ii) the Count Two dismissed pursuant to the plea agreement entailed a mandatory minimum term of 10 years; and (iii) Dussard allocuted at the plea hearing to the fact that he "conspired with individuals who possessed firearms in order to steal narcotics at gun point." *Id.* at 156-157.

### 2. *Analysis*

After considering the record as a whole, the Court concludes that Godfrey has met his burden of showing that "there is a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* at 156.

#### a. *Government's Alternate Predicate Argument for Attempted Assault*

The government argues that Godfrey would have pleaded guilty had the Superseding Information alleged an attempted assault predicate rather than the assault predicate: "the parties could have predicated the Section 924(c) offense on a violation of 18 U.S.C. § 1959(a)(6) – attempted assault with a dangerous weapon in aid of racketeering." (Gov't Opp'n 12.) The government suggests that "Godfrey's allocution to shooting at a rival gang member undoubtedly establishes his guilt to this offense." (*Id.*)

13

The government does not articulate the meaning of "this offense" but does correctly cite New York's attempt statute, N.Y. Penal Law § 110.00, stating that a "person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." As the Second Circuit has recognized, "[t]his standard has been characterized as a specific intent standard." *Gill v. I.N.S.*, 420 F.3d 82, 90 (2d Cir. 2005) (citing *People v. Campbell*, 72 N.Y.2d 602, 605 (1988)). Thus, in the context of attempted assault, the government would need to show that Godfrey had the intent to commit each element of a specific type of assault.

Although the government never expressly articulates the type of assault they contend Godfrey attempted, they cite to the first subdivision of first degree assault, which reads in full: "With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" Gov't Opp'n 7; N.Y. Penal Law § 120.10[1]. Under New York's first degree assault, subdivision one, the government would have needed to prove that Godfrey had an "intent to cause serious physical injury" to a victim.

     *b.   Reasonable Probability Godfrey Would Not Have Pleaded to Attempted Assault*

Based on a review of the record and the evidence Godfrey has pointed to, the Court believes that there is a reasonable probability that Godfrey would not have pleaded guilty.

     i.   Godfrey Was Never Previously Charged or Accused of Attempted Assault

Because Godfrey was not previously alleged to have attempted an assault under New York law, the Court cannot know how Godfrey and his counsel would have approached such an allegation. By contrast, Dussard had been charged—prior to the dismissal of the count pursuant to the plea agreement—with a narcotics conspiracy. *Dussard*, 967 F.3d at 152. This alone distinguishes the present motion on due process grounds from *Dussard* because here Godfrey was given no notice of an attempted assault allegation (whether as a standalone count or as a predicate of a count) through arraignment. Godfrey thus had no opportunity to discuss a possible defense to an "attempted assault" charge with his counsel.

That Godfrey was on notice about an alleged predicate of assault does not suggest he was on notice about attempted assault. The government impliedly treats attempted assault as akin to a lesser included offense of assault under New York law. But attempted assault is not always a lesser included offense. Rather, under New York law, attempt may not be charged on certain assault subdivisions. *See, e.g., Gill v. I.N.S.*, 420 F.3d 82, 91 (2d Cir. 2005) ("[A] person cannot 'attempt'(as this term is used in New York criminal law) to commit a crime of recklessness, particularly not one defined, as in § 120.05(4), by an unintended result such as bodily injury."); *People v. Campbell*, 72 N.Y.2d 602, 605 (1988) ("[T]here can be no attempt to commit assault, second degree (Penal Law § 120.05[3]), since one cannot have a specific intent to cause an unintended injury."); *Gill*, 420 F.3d at 90 (same).

14

Prior to the Court's acceptance of Godfrey's plea, the government never alleged that Godfrey had an "intent to cause serious physical injury to another person" required under N.Y. Penal Law § 120.10[1]. In fact, the government in its sentencing memorandum uses language to suggest that Godfrey's 2014 shooting fit a mens rea of depraved indifference (required for N.Y. Penal Law § 120.10[3]) rather than "intent to cause serious physical injury" (required for N.Y. Penal Law § 120.10[1]) as follows: "By sheer luck, Godfrey did not kill or injure other individuals, but he well knew at the time of each shooting that such dangerous conduct can cause catastrophic damage." ECF No. 308, at 5; *compare People v. Steinberg*, 79 N.Y.2d 673, 680 (1992) (addressing intent to cause serious physical injury), *with People v. Feingold*, 7 N.Y.3d 288 (2006).

ii.  Godfrey Evinced Significant Reluctance about Pleading Guilty

Godfrey's conduct indicates that he was, to put it mildly, equivocal about entering a plea of guilty. On April 24, 2018, Godfrey appeared before Magistrate Judge Aaron and allocuted to Count One of the Superseding Information. On May 17—before this Court had accepted the magistrate judge's recommendation that it accept Godfrey's plea—Godfrey's counsel wrote that "[L]ate this afternoon by electronic mail Mr. Godfrey instructed counsel to advise the Court that he wishes to withdraw his guilty plea." (ECF No. 197.) Five days later, on May 22, Godfrey's counsel wrote again, stating that "Mr. Godfrey does not wish to withdraw his April 24, 2018 plea but wishes to proceed with sentencing should this Court accept the plea and recommendation of the Hon. Magistrate Judge Stewart D. Aaron." (ECF No. 208.) Godfrey was clearly having second—or third—thoughts about pleading guilty. This Court was sufficiently concerned about the knowing and voluntariness of the plea that it directed Godfrey to appear before it two days later in order to conduct its own hearing and allocution "to really see what it is that [Godfrey] want[s]." (May 24, 2018 Hr'g Tr. 4.) At the conclusion of that proceeding, the court accepted Godfrey's plea. (May 24, 2018 Hr'g Tr. 14.)

Godfrey's demonstrated reticence about pleading guilty suggests that any altered circumstances may have tipped the scales in leading him to risk going to trial rather than plead guilty. Dussard's plea agreement removed the risk of conviction on a count entailing a mandatory minimum prison term of 10 years. *Dussard*, 967 F.3d at 157. By contrast, Godfrey's plea agreement led the government to dismiss Count One of the Superseding Indictment that had no mandatory minimum term of imprisonment. 18 U.S.C. § 3559. Therefore, holding all else equal, Dussard had a greater incentive to plead guilty than Godfrey and had far more to risk by going to trial than Godfrey.

iii.  Godfrey Never Allocuted to Committing "Attempted Assault"

Last, and arguably most important, Godfrey has never allocuted or stipulated to facts that reveal any attempted assault took place in 2014. Dussard allocuted at the plea hearing that he "conspired with individuals who possessed firearms in order to steal narcotics at gun point from people we believed were drug dealers transporting narcotics,"

15

*Dussard*, 967 F.3d at 156. By contrast, Godfrey's plea allocution is insufficient to infer the specific intent required for attempted assault in the first degree.

Godfrey admitted to discharging a firearm "at rival gang members" in order to "stay in" the Square Gang (May 24, 2018 Hr'g Tr. 8-9), but he never admitted to an intent to cause injury or serious injury to a victim in connection with the 2014 shooting. Having reviewed the record, the Court does not know whether Godfrey plausibly fired shots merely as a signal to fellow gang members or as warning to the rival gang. In *People v. Appuzie* addressing a case with actual injury to a victim, the N.Y.S. Appellate Division, First Department found the defendant intended to cause serious physical injury where the defendant "shot at the victim at close range, striking him in the chest [and when] [t]here was *no evidence suggesting that defendant fired a warning shot* that accidentally struck the victim, or that the weapon discharged accidentally"). 9 A.D.3d 273 (1st Dep't 2004) (emphasis added). Here, because Godfrey's admitted that in 2011 he seriously injured a target yet injured nobody in subsequent shootings, it is conceivable that his victim-less shootings support the argument that he intended no injury in the 2014 shooting.

## IV. Conclusion

Godfrey's 18 U.S.C. § 924(c) conviction rests on a predicate crime of assault with a dangerous weapon 18 U.S.C. § 1959(a), such an assault incorporates the elements of assault under New York law, assault under New York law requires physical injury to the victim, and there is no evidence that Godfrey injured anyone during the 2014 shooting to which he pleaded guilty. In light of Godfrey's actual innocence to the charged crime and Godfrey's sufficient showing of a reasonable probability that he would not have pleaded guilty to an alternative predicate crime of attempted assault, the Court grants Godfrey's Section 2255 motion. (ECF No. 395.) Accordingly, Godfrey's Section 924(c) conviction (ECF No. 312) is vacated and the Bureau of Prisons is directed to release Godfrey immediately.

This order, however, is stayed for ten days from the entry of this Opinion and Order to permit the government to file a notice of appeal and seek an additional stay from the Court of Appeals for the Second Circuit if it so chooses.

Dated:  New York, New York
        July 21, 2022

SO ORDERED:

Sidney H. Stein, U.S.D.J.

16